# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA SCHOOL BOARDS
INSURANCE TRUST,

      Plaintiff,

v.                            CASE NO. 4:08cv246-RH/WCS

UNITED NATIONAL INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER DISMISSING COMMON LAW BAD FAITH
## AND IMPLIED COVENANT CLAIMS, STAYING BAD FAITH
## CLAIMS, AND SETTING SUMMARY-JUDGMENT SCHEDULE

This is an insurance coverage dispute. The second amended complaint asserts claims for a declaration of coverage (count 1); for breach of contract, that is, for damages consisting of the cost of defense and settlement costs incurred on the underlying claim (count 2); for statutory bad faith (count 3); for common law bad faith (count 4); and for breach of the insurance contract's implied covenant of good faith and fair dealing (count 5).

The defendant moved to dismiss counts 3 through 5. In response, the

plaintiff voluntarily dismissed count 4, apparently acknowledging that Florida law does not authorize a first-party common law bad faith claim. The plaintiff opposed the dismissal of the statutory bad faith claim (count 4), but acknowledged that it should be stayed pending resolution of the underlying coverage claims (counts 1 and 2).

The motion to dismiss and the scheduling of further proceedings were addressed at a hearing on August 21, 2008. At the hearing, the defendant agreed to have the statutory bad faith claim stayed rather than dismissed. There is authority for that approach. *See, e.g., Bray & Gillespie Mgmt. LLC v Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1367 (M.D. Fla. 2007); *Valiant Ins. Co. v Progressive Plumbing, Inc.*, 2007 US Dist LEXIS 75100 (M.D. Fla. 2007).

That left for consideration the claim for breach of the implied covenant of good faith and fair dealing (count 5). Whatever the merits of the assertion that the defendant breached the implied covenant, the breach does not support a claim separate and apart from the coverage claims set forth in counts 1 and 2. As the Eleventh Circuit has said, breach of the implied covenant is "not an independent cause of action, but attaches to the performance of a specific contractual obligation." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F3d 1146, 1151 (11th 2005). Other courts, too, have rejected attempts to assert stand-alone implied covenant claims. *See, e.g., Enola Contracting Servs., Inc. v URS Group,*

*Inc.*, 2008 WL 1844612 (N.D. Fla 2008); *Int'l Brokerage & Surplus Lines, Inc. v. Liberty Mutual Ins. Cos.*, 2007 US Dist LEXIS 5847 (M.D. Fla. 2007). Count 5 will be dismissed.

Turning to scheduling, both sides agreed at the hearing that the coverage issue, that is, the issue of liability on counts 1 and 2, should be addressed by cross-motions for summary judgment, on the briefing schedule established by this order. They further agreed that proceedings on the defendant's counterclaim—which seeks a declaration on the same issues as counts 1 and 2 of the second amended complaint—should be stayed pending a ruling on the summary-judgment motions. Accordingly,

IT IS ORDERED:

1. The defendant's motion to dismiss (document 19) is GRANTED IN PART. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

2. Count 4 of the second amended complaint is voluntarily dismissed.

3. Count 5 of the second amended complaint is involuntarily dismissed.

4. All proceedings on count 3 of the second amended complaint are stayed pending resolution of the underlying coverage dispute (counts 1 and 2).

5. Each party must file by September 22, 2008, a motion for summary judgment on the issue of liability on counts 1 and 2. Responses are due by October

14, 2008.  By separate notice, the clerk must set a hearing for the first available date on or after October 21, 2008.

    6.  The defendant's motion to strike exhibits F, G, and H to the second amended complaint is DENIED AS MOOT.

    7.  The defendant's oral motion to redact portions of the second amended complaint is DENIED.

    SO ORDERED on August 25, 2008.

                                               s/Robert L. Hinkle
                                               Chief United States District Judge